IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:13-cr-92-WSD |
| DONALD R. LAFOND, JR., and JASON ROBERT WIDDISON, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Jason Robert Widdison's Motion for Access to Witnesses' BOP Central Inmate Files and Presentence Report [44], Defendant Widdison's Motion *in Limine* to Prevent Testimony on Alleged Gang Membership and Use of Codefendant's Statements [45], Defendant Widdison's Motion *in Limine* to Prevent Impeachment of Defendant [46],[1] Defendant Donald R. Lafond, Jr.'s Motion *in Limine* [49] to prohibit testimony on Lafond's alleged gang membership, and the Government's Motion *in Limine* to

---

[1] The Government considers Widdison's prior convictions to be potential impeachment evidence under Rule 609(a)(1)(B), but concedes that their probative value is limited. The Government states that it does not intend to use these convictions unless Widdison testifies at trial and affirmatively denies or minimizes these convictions on direct examination. The Court therefore reserves ruling on this motion until trial, when an objection may be viewed in context.

Limit Reference to Victim's Prior Convictions and Other Acts [50].

## I.    BACKGROUND

Defendants Donald R. Lafond, Jr. ("Lafond") and Jason Robert Widdison ("Widdison") ("Defendants") are both charged with unlawfully killing Kenneth Mills with malice aforethought, aided and abetted by each other, in violation of 18 U.S.C. §§ 1111, 7(3), and 2.  On March 1, 2011, Lafond and Widdison, both inmates at the United States Penitentiary ("USP") in Atlanta, Georgia, engaged in a fight with a third inmate, Kenneth Mills, in the Segregated Housing Unit's ("SHU") recreation yard.  Mills died from the injuries he suffered in the altercation.

The Government alleges that Lafond and Widdison are members of the Soldiers of Aryan Culture and the Aryan Resistance Militia.  The Government claims that Defendants attacked Mills for failing to take action to be moved to a cell in which he did not have a black cellmate.  Defendants allege that Mills was the aggressor in the assault, and that they acted in self-defense.

After the altercation, Officer Batayias Smith, a SHU correctional officer, handcuffed and escorted Lafond to his cell.  While being escorted, Lafond at one point spontaneously stated that his intentions were to "fight or beat the guy up."

He did not mention Widdison in his statements.[2]

Widdison moves *in limine* to (i) prohibit testimony about his alleged gang membership, and (ii) prohibit the use of the statements Lafond made to Officer Smith because they may be interpreted as indicating Widdison's intention to fight or beat Mills. Widdison also moves for access to the BOP ("Bureau of Prisons") Central Inmate Files for witnesses Widdison expects the Government to call at trial. Lafond further moves *in limine* to prohibit the Government from presenting evidence of his alleged gang membership.

The Government moves *in limine* to limit references of prior acts, including criminal convictions, of the victim of the assault. The Government asks to limit references to Mills' criminal history other than his status as an inmate in the SHU at the USP, and references to Mills' allegedly aggressive prior conduct, occurring before the incident at issue in this case.

## II.    DISCUSSION

### A.    Testimony on Alleged Gang Membership

The Government intends to introduce evidence of Defendants' gang affiliation by presenting testimony from five inmate witnesses who were housed

---

[2] In a previous order, the Court determined that these statements are admissible as to Lafond. (Doc. 39.)

with Defendants.  These inmates will testify that they knew or believed Defendants to be members of white supremacist organizations.  The Government alleges that Defendants attacked Mills because he would not submit to the influence of the gangs.  The Government alleges that Defendants retaliated against Mills, who had a black cellmate, for failing to take action that the Defendants directed him to take to cause prison officials to assign to him a cellmate who was not black.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Evidence of other acts may be admissible if used for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  The rule is "one of inclusion which allows evidence unless it tends to prove only criminal propensity.  The list provided by the rule is not exhaustive and the range of relevancy outside the ban is almost infinite."  United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008) (quoting United States v. Stephens, 365 F.3d 967, 975 (11th Cir. 2004) and United States v. Cohen, 888 F.2d 770, 776 (11th Cir. 1989)).  Evidence of other acts is allowed whether the acts occurred before or after the act at issue, so long as it is: (1) relevant to an issue other than the defendant's

character; (2) established by sufficient proof to permit a jury to find that the defendant committed the extrinsic act; and (3) the probative value is not substantially outweighed by its undue prejudice and the evidence meets the other requirements of Rule 403.  United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995).

   The Government alleges that Defendants attacked Mills in retaliation for his refusal to comply with the direction of the gangs to which Defendants belonged. The evidence of gang membership is offered to show Defendants' intent and motive to attack Mills.  (Gov't Resp. at 4.)[3]  When a defendant enters a not guilty plea, he "makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007) (quoting United

---

[3] The Government also argues that evidence that Defendants are gang members is "inextricably intertwined with evidence of the charged crime" because it "explain[ed] the context, motive, and setup of the crime," is "linked in time and circumstances with the charged crime," and "is necessary to complete the story of the crime."  (Gov't Resp. at 5.) (quoting United States v. Williford, 764 F.2d 1493, 1499 (11th Cir. 1992)).  The Court agrees that evidence of gang membership is, in this case, inextricably intertwined with the charged offenses and not prior bad acts evidence prohibited under Rule 404(b).  The evidence is, however, principally directed to show Defendants' motive and intent to commit the charged offense and the Court determines a limiting instruction to this effect is appropriate in this case.

States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998)).  That Defendants contend they acted in self-defense further supports that intent is a central issue in this case.  The evidence of Defendants' gang membership is relevant here to the issues of Defendants' motive and intent.  See United States v. Bradberry, 466 F.3d 1249, 1253-54 (11th Cir. 2006) (affirming admission of evidence of defendant's gang membership that supported the government's theory that defendant's motive was that of a group seeking retaliation).[4]

The Court also considers whether the probative value of the evidence is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or that it would mislead the jury.  See Fed. R. Evid. 403.  The Court concludes that it is not.  The probative value of Defendants' gang affiliation simply is not outweighed by any unfair prejudice and there is little, if any, risk that introduction of the evidence will distract, confuse, or mislead the jury.  See Bradberry, 466 F.3d at 1254; see also United States v. Jerrigan, 341 F.3d 1273, 1284-85 (11th Cir. 2003) (evidence of gang membership does not violate Rule 403 when used to link defendant to a particular crime and not to establish bad character).  Defendants' motions to prevent alleged gang testimony are denied.  The Court will give an

---

[4] That Defendants are gang members is supported by the testimony of the five inmates housed with Defendants that the Government intends to call at trial, and their testimony is corroborated by statements Lafond made to Officer Smith.

6

instruction limiting consideration of this evidence to the issue of Defendants' intent and motive.

      B.      <u>Limitation to References of Victim's Prior Convictions and Acts</u>

Defendants intend to claim they acted in self-defense and they seek to introduce evidence of specific instances in which Mills allegedly engaged in violent conduct. When self-defense is claimed, Rule 404(a)(2) allows evidence that a victim had an aggressive or violent disposition to the extent it bears on whether the victim was the first aggressor. This evidence may be admitted in the form of opinion or reputation testimony. <u>See</u> Fed. R. Evid. 404(a)(2); <u>see also</u> <u>United States v. Bordeaux</u>, 570 F.3d 1041, 1050 (8th Cir. 2009) (admitting testimony that the alleged victim had a reputation as a "thug" and "troublemaker" and "trying to be a tough guy").

Rule 405(b) prohibits the use of specific acts to prove character unless it is an essential element to the offense. Fed. R. Evid. 405(b). A plea of self-defense does not make the victim's character an element of the defense. Self-defense requires proof of who started the altercation, not whether the victim is generally a violent person and thus must have been when the event at issue occurred. <u>See</u> <u>United States v. Gulley</u>, 526 F.3d 809, 819 (5th Cir. 2008).

7

Specific acts may, however, sometimes be introduced to show that a defendant knew about a victim's prior violent acts at the time of the altercation, and that these prior acts support a defendant's claim that the victim's behavior before the incident in question was aggressive or violent requiring that the defendant defend himself.  See United States v. Bordeaux, 570 F.3d 1041, 1050 (8th Cir. 2009) ("Evidence of a victim's prior bad acts is only admissible to the extent a defendant establishes knowledge of such prior violent conduct at the time of the conduct underlying the offense charged."); United States v. Smith, 230 F.3d 300, 308 (7th Cir. 2000) ("It is only when the specific instances of conduct are known to the one claiming self-defense, and thus could have factored into the decision-making process that resulted in the act that such instances should be admissible as essential elements of the claim."); United States v. Saenz, 179 F.3d 686, 688 (9th Cir. 1999) (in assault trial where defendant claimed self-defense, he could prove that he knew about specific violent acts of conduct by the victim at the time of the altercation).

Lafond, in his Brief in Opposition to the Government's Motion [53], states that he intends to testify to his "prior knowledge of Mr. Mills' *reputation* for violence."  (Doc. 53 at 1-2 (emphasis added).)  Widdison's Response to the Government's Motion [55] does not claim that he will present personal knowledge

of Mills' prior acts.  Personal knowledge by Defendants of Mills' aggressive or violent conduct before the altercation is the issue here.  The Court cannot evaluate the evidence Defendants seek to admit without knowing the evidence they intend to offer.  The Court requires Defendants to proffer the evidence they seek to introduce so the Court may rule on the motion to exclude the specific acts evidence.

### C.   Access to Potential Witnesses' BOP Central Inmate Files

Widdison moves for access to BOP Central Inmate Files, including medical files, psychiatric and psychological files, disciplinary files, and Pre Sentence Reports for potential inmate witnesses.  The Government advised the Court that it provided these files to Defendants, and this motion is denied as moot.

### D.   Excluding Codefendant Lafond's Statements as to Widdison

Widdison moves to prohibit the use of Lafond's incriminating statements to Officer Smith because, he claims, they may include references to his alleged participation in the charged crime in violation of Bruton v. United States, 391 U.S. 123 (1968).  The Government represents that Lafond's incriminating statements will not include references to Widdison, nor will the statements imply that Widdison indicated that he intended to attack Mills.  Widdison's motion thus is granted to the extent the Government is instructed not to offer any testimony from

Officer Smith about Lafond's statements that refer, expressly or impliedly, to Widdison.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Jason Robert Widdison's Motion for Access to Witnesses' BOP Central Inmate Files and Presentence Report [44] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant Widdison's Motion *in Limine* to Prevent Testimony on Alleged Gang Membership and Use of Codefendant's Statements [45] is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** to the extent that the Government is instructed not to offer any testimony from Officer Smith about Lafond's statements that refer, expressly or impliedly, to Widdison.  The motion is **DENIED** to the extent it requests the evidence of alleged gang membership be excluded, provided, however, that gang membership evidence is limited to the issue of Defendants' intent and motive.

**IT IS FURTHER ORDERED** that Defendant Widdison's Motion *in Limine* to Prevent Impeachment of Defendant [46] is **DEFERRED**.

**IT IS FURTHER ORDERED** that Defendant Donald R. Lafond, Jr.'s

Motion *in Limine* [49] is **DENIED**.  Evidence on the issue of Lafond's alleged gang membership is admitted provided that gang membership evidence is limited to the issue of Defendants' intent and motive.

    **IT IS FURTHER ORDERED** that the Government's Motion *in Limine* to Limit Reference to Victim's Prior Convictions and Other Acts [50] is **DEFERRED**.  Defendants shall proffer the testimony they seek to introduce showing they knew of Mills' alleged specific violent conduct before the assault occurred.  A written proffer for each Defendant shall be filed with the Court on or before January 20, 2014.

    **SO ORDERED** this 14th day of January 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE